J-S18004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN ALLEN BARTON | : | |
| | : | |
| Appellant | : | No. 2043 MDA 2018 |

Appeal from the PCRA Order Entered November 27, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000348-2014

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 18, 2019**

John Allen Barton appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Between 2010 and 2013, Appellant sexually abused his biological daughter on approximately ten occasions.  The abuse started when she was fifteen, and continued until she was eighteen.  The incidents occurred when the victim asked Appellant if she could go out with her boyfriend or for money.  Appellant demanded sexual intercourse and various sex acts from the victim before providing the requested consent or money.

In 2014, Appellant was arrested and charged with numerous sexual offenses.  He confessed to sexually abusing the victim, and ultimately entered a guilty plea to one count each of rape and aggravated indecent assault of a child under sixteen.  On March 12, 2015, the trial court sentenced Appellant

_____

*   Former Justice specially assigned to the Superior Court.

to serve a prison term of five to ten years on the rape conviction, and a consecutive prison term of five to ten years on the aggravated indecent assault conviction. Additionally, the court ordered Appellant to comply with Megan's Law and lifetime reporting requirements for sexual offenders. Appellant did not file a post-sentence motion or a direct appeal.

On January 3, 2018, Appellant filed the instant *pro se* PCRA petition alleging that the portions of his sentence which classified him as a sexually violent predator ("SVP") and imposed lifetime registration requirements were illegal in light of the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that the Sexual Offender Registration and Notification Act's ("SORNA")[1] registration provisions are punitive, and that retroactive application of SORNA's provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of Pennsylvania's Constitution). The PCRA court appointed counsel, who filed amendments and supplemental amendments to the petition. The PCRA court conducted a hearing, and on November 27, 2018, entered an order dismissing the petition as untimely. Appellant filed a timely notice of appeal, and a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant raises the following issue for our review:

> Whether th[e PCRA c]ourt erred in ruling that [Appellant] is not entitled to relief under the [PCRA] regarding the requirements to register as a [SVP] under [SORNA] where the same has been

---

[1] **See** 42 Pa.C.S. §§ 9799.10-9799.42.

ruled unconstitutional by [a]ppellate [c]ourts of the Commonwealth, especially wherein [Appellant] was never interviewed by the Sexual Offenders Assessment Board?

Appellant's brief at 2.

Before we may address the merits of Appellant's issue, we must determine whether his petition was timely filed. Under the PCRA, any petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Appellant's judgment of sentence became final on April 13, 2015, when the period to file a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3); *see also Commonwealth v. Rojas*, 874 A.2d 638, 643 (Pa.Super. 2005). Appellant had until April 13, 2016, to file the instant PCRA petition, but did not do so until January 3, 2018. Thus, Appellant's petition is facially untimely under the PCRA. Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner can explicitly plead and prove one of the three exceptions set forth under 42 Pa.C.S. § 9545(b)(1).

Appellant seemingly attempts to satisfy the timeliness exception provided in § 9545(b)(1)(iii)[2] by arguing that the imposition of additional registration requirements upon him pursuant to SORNA is unconstitutional under **Muniz**, **supra**.[3] While this court has ruled that **Muniz** created a substantive rule that retroactively applies in the collateral context to timely-filed PCRA petitions, **see Commonwealth v. Rivera-Figueroa**, 174 A.3d 674 (Pa. Super. 2017), Appellant concedes that our Supreme Court has not ruled that **Muniz** applies retroactively. Appellant's brief at 4. He further concedes that his petition is untimely, and that this Court has held on multiple occasions that **Muniz** does not provide an exception to the PCRA's timeliness

---

[2] Subsection 9545(b)(1)(iii) provides an exception to the PCRA's one year time bar when the petition alleges and the petitioner proves that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). Additionally, any PCRA petition invoking a timeliness exception shall be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

[3] Appellant was sentenced under SORNA's predecessor, commonly known as Megan's Law III, 42 Pa.C.S. §§ 9791-9799.9 (expired), which was in effect when the sexual abuse at issue occurred. On December 20, 2012, SORNA replaced Megan's Law III. While SORNA did not enhance the registration period for rape, which remained lifetime registration, it did augment the registration requirements for all Tier III offenders, such as Appellant, which included quarterly in-person reporting and the posting of their personal information on the Pennsylvania State Police website. **Muniz**, **supra** at 1210-11. As our Supreme Court pointed out in **Muniz**, these additional registration requirements constitute a greater punishment than what Megan's Law would have imposed and consequently, their retroactive application violates the *ex post facto* clause of the Pennsylvania Constitution. **Id**. at 1193-96, 1216.

- 4 -

requirements. *See id*.; *see also Commonwealth v. Murphy*, 180 A.3d 402, 406 (Pa.Super. 2018) (holding that, because the Pennsylvania Supreme Court has not held that *Muniz* applies retroactively, appellant could not rely on *Muniz* to satisfy the PCRA's timeliness requirements). Here, because Appellant's PCRA petition was untimely (unlike the petition filed in *Rivera-Figueroa*), and our Supreme Court has not ruled that *Muniz* applies retroactively to untimely PCRA petitions, the PCRA court correctly determined that it lacked jurisdiction to address it.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/18/2019